THE STATE, · THE PROTESTANT FOSTER HOME OF THE CITY OF NEWARK, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

The "arrearage" which vests jurisdiction in the commissioners of adjustment, under the act of March 30th, 1886 (*Pamph. L., p.* 149), is not necessarily an unpaid balance of a subsisting assessment. Any sum which has been assessed for a public improvement may become, in whole or in part, an "arrearage," within the meaning of this act, without reference to the invalidity of the law under which it was imposed. The setting aside of such an assessment by this court for total invalidity does not prevent the sum represented thereby from being regarded as an "arrearage," for the purpose of vesting jurisdiction in the commissioners of adjustment.

On *certiorari.*

An assessment was imposed by the commissioners of adjustment for the city of Newark, acting under the act of March 30th, 1886 (*Pamph. L., p.* 149), upon the property owned by the prosecutor in lieu of an assessment illegally imposed thereon in 1878 by the comptroller, under the provisions of the city charter.

By agreement of counsel, the following statement of facts constitute the return to the writ of *certiorari* brought to review the action of the commissioners of adjustment:

*First.* The prosecutor is the owner of a tract of land on Garside street, between Second and Third avenues, in the city of Newark, being four hundred and fifty-eight feet front on

the east side, and two hundred feet front on the west side of said street.

*Second.* On the 15th day of August, 1873, an assessment of benefits for opening said street between Second and Third avenues was made upon the said property, then belonging to William H. and Francis T. Howell, amounting to $4,649.09, which assessment was paid May 17th, 1875. The whole amount of the cost of the opening of said street was assessed upon property on the line of said street, with the exception of $21.78, which last mentioned amount was assessed upon the city of Newark.

*Third.* After the making of said assessment, A. Gifford Plume and Mary J. Lockwood, owners of land taken in the opening of said street, being dissatisfied with the awards made therefor, appealed to a jury in conformity with the statute, and such proceedings were had thereon that the amount of their awards was subsequently increased $4,138.72; and thereupon the comptroller of said city, by virtue of a supplement to its charter, approved March 7th, 1873, made, December 5th, 1873, a *pro rata* assessment upon the property of each of the persons originally assessed to the full amount of said increased awards. The amount of said additional assessment so made upon the property of the prosecutors was $2,555.90.

*Fourth.* Subsequently the said William H. and Francis T. Howell, being still the owners of the property, procured a writ of *certiorari* to test the validity of said additional assessment, and, at the November Term, 1877, of the Supreme Court of this state, the said assessment was set aside, and a judgment to that effect entered in the minutes of the court.

*Fifth.* After the judgment of this court as aforesaid, the comptroller of said city caused to be made an entry on the books of his office that the assessment last mentioned had been set aside, and no re-assessment for said improvement was thereafter made, except as next hereafter stated.

*Sixth.* On or about the 12th day of April, 1888, the commissioners appointed by the Essex County Circuit Court, under the act approved March 20th, 1886, entitled "An act

concerning the settlement and collection of arrears of unpaid taxes, assessments and water rates or water rents in cities of this state, and imposing and levying a tax, assessment and lien in lieu or instead of such arrearages, and to enforce the payment thereof, and to provide for the sale of lands subjected to future taxation and assessment," made an assessment for the opening of said Garside street as aforesaid, upon the said property of the prosecutor, to the amount of $500, said assessment being based on the increased awards above mentioned.

The reasons assigned for reversal are :

*First.* Because the said readjustment commissioners had no power or authority to make the assessment in question.

*Second.* Because the original assessment, made August 15th, 1873, and paid May 17th, 1875, was final and conclusive as to the benefit which the said property derived from the opening of the said street, and no subsequent or additional assessment was therefore justified.

*Third.* Because the comptroller, under the act of March 7th, 1873, was alone authorized to make an additional assessment based upon an increased award of damages ; that the said act provided that the said additional assessment should be a *pro rata* assessment upon each of the persons originally assessed to the amount of the said increased awards, and was therefore plainly unconstitutional, and the power thus attempted to be conferred upon the comptroller by this act has not been conferred upon any other individual or body corporate."

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the prosecutor, *Henry Young.*

For the defendant, *Jos. Coult.*

The opinion of the court was delivered by

GARRISON, J.   The single object of this writ is to deny the jurisdiction of the commissioners of adjustment in the

premises. The grounds upon which their jurisdiction is attacked is, that there exists no unpaid assessment in respect to prosecutor's land within the meaning of the act in question. The meaning ascribed to this act by the prosecutor is, that the only arrearages within its purview are the unpaid balances of such assessments previously imposed, or attempted so to be, as remain subsisting liens for a specified sum at the time the commissioners assumed to act.

Applied to the facts of the present case the argument is, that the first assessment which was paid concluded the city's authority in respect to the said improvement of prosecutor's property; that there was no constitutional method by which an additional assessment could be lawfully imposed, and that the attempted imposition, having been set aside by this court, there remains no lien for any specified sum, and (the argument concludes) there can be no arrearage where there is no assessment.

This contention is, however, not in accord with the views taken by this court upon previous occasions of the scope and extent of the act in question.

The purpose of this act is, that land benefited by an authorized public work shall not escape the payment of its proportionate share of the expenses thereof. The commission of adjustment is erected with the sole object of securing this end. Its jurisdiction is, accordingly, shaped by the legislative scheme under consideration.

The essentials of that jurisdiction are, that a public improvement has been made; that an assessment therefor nas been made and imposed, or attempted so to be, and that payment thereof has not been had. Where these elements co-exist the authority of the commissioners to proceed is assured without regard to the invalidity of the legislation under which the assessment was made. The nullification of an invalid assessment, whether for inherent defects or because it rests upon unconstitutional legislation, must not be confounded with the discharge of the land from its liability to contribution. The matter of assessment is legislative, the question of liability is

not. The basis of all municipal legislation of this class, as well as that of the fundamental right out of which it springs, is the value imparted to the land by the improvement. Hence, the liability of the land to pay the assessment arises as an incident to the improvement and does not depend upon the validity of the legislative methods provided for its enforcement. If no such legislation be in existence, or, what is the same thing, if supposed legislation prove to be unconstitutional and void, the liability remains in the form of the responsibility of the landowner to future legislative action looking to the enforcement of contribution. The mode in which this contribution shall be apportioned and exacted is, it is true, with certain limitations, at the will of the legislator; but legislative power does not create the liability it enforces any more than it does the limitations it obeys. Hence, it follows that the partial or total failure of the legislative scheme leaves the question of liability untouched.

This principle has received the highest judicial recognition within this state, as underlying all laws for the re-assessment of taxes laid under unconstitutional provisions. *Elizabeth* v. *Meeker,* 16 *Vroom* 157.

Assessment being therefore but a legislative method for the ascertainment of the sum to be borne by the improved property, it follows that, within the amount of the imparted value, such sum may be reached by successive efforts at ascertainments, if such be the legislative will. *Cross* v. *Hayes,* 16 *Vroom* 12.

The final assessment is "the sum assessed or attempted so to be," and if any part of the sum thus reached remains unpaid, it constitutes an arrearage within the meaning of the act under consideration, and the jurisdiction of the commissioners of adjustment consequently attaches.

In the case before us the assessment primarily laid was avowedly not a finality. The language of the charter of the city of Newark, under which it was imposed, is this (*Pamph. L.* 1873, *p.* 318): "The commissioners appointed to make assessments * * * shall commence as soon after their

appointment as practicable to make such assessments, and shall proceed with the same, notwithstanding an appeal has been taken by any party from the award for damages in connection with said improvement; and in case, by the final judgment of any court, any such award of damages shall be increased, the comptroller shall thereupon, in a summary manner, proceed, without notice, to increase each of said assessments for benefits *pro rata,* so that the whole amount of such increase, together with costs and expenses, shall be equitably distributed upon the owners so assessed."

The appeal contemplated by this section was taken, and resulted in an increase of the damages that had been awarded at the time of the primary assessment. The increase of assessment provided for by the act was then imposed in the manner prescribed, and upon familiar principles related back to the original assessment it was intended to supplement. The payment of the primary assessment made pending the adjudication of this appeal was therefore not conclusive; in effect, it left the supplemental assessment in the same position as if it had been originally assessed under an invalid law.

The authority of the commissioners of adjustment to deal with arrearages of assessments thus arising is of the essence of their function, and has been repeatedly affirmed. *In re Commissioners of Elizabeth,* 20 *Vroom* 488; *Norris* v. *Elizabeth,* 22 *Id.* 485.

Assuming, therefore, in the present case, that the primary assessment was paid; that the comptroller was without authority to impose the additional assessment, and that the said assessment for $2,555.90 against prosecutor's lands was by the court annulled for unconstitutionality, the jurisdictional facts still remain: there had been an improvement, a sum had been assessed, although without legal warrant, and the whole or a part of such sum remained unpaid.

My opinion is, that these facts vest in the commissioners jurisdiction to charge against the property thus improved an assessment within said sum so attempted to be imposed, subject only to the provisions of the act that such charge shall

not be in excess of the benefits derived by the property from the improvement at the time it was made.

I mention this last point, although no question is raised thereon in this case, the scope of which includes the right of the commissioners to deal with the prosecutor's property at all, not with the propriety of the manner in which they have proceeded, or propose to proceed, in the premises.

The order of the Circuit Court, confirming the report of the said commissioners of adjustments, should be affirmed, with costs.